**FILED**
NOV - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CHRISTINE E. WHEELER    :
1366 Somerset Place, N.W.    :
Washington, D.C. 20011     :
                :
Plaintiff,          :
  v.            :
                :
DISTRICT OF COLUMBIA     :
(A Municipality)        :
1350 Pennsylvania Ave., N.W.   :
Washington, D.C. 20004     :
(serve: Adrian Fenty, Mayor    :
1350 Pennsylvania Ave., N.W.   :
Suite 221           :
Washington, D.C. 20024),    :  Case: 1:07-cv-01988
                :  Assigned To : Robertson, James
SHARLYNN BOBO       :  Assign. Date : 11/2/2007
INTERIM DIRECTOR,      :  Description: Labor-ERISA
DISTRICT OF COLUMBIA     :
CHILD AND FAMILY SERVICES :
 AGENCY,          :
400 6th Street, S.W.       :
Washington, D.C. 20024,     :
                :
UNKNOWN EMPLOYEES OF   :
DISTRICT OF COLUMBIA     :
CHILD AND FAMILY SERVICES :
AGENCY,           :
400 6th Street, S.W.       :
Washington, D.C. 20024,     :
                :
DISTRICT OF COLUMBIA     :
CHILD AND FAMILY SERVICES :
AGENCY           :
400 6th Street, S.W.       :
Washington, D.C. 20024     :
(an Executive Agency of the   :
District of Columbia),      :

Defendants.



JURY ACTION

1

**COMPLAINT PURSUANT TO 29 USC § 1001 FOR VIOLATION OF EMPLOYMENT RIGHTS, REGULATIONS AND PROCEDURES, VIOLATION OF 42 USC § 1984, MALICIOUS ABUSE OF PROCESS, WRONGFUL DISCHARGE, BUSINESS DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,**

Comes now the Plaintiff Christine E. Wheeler, by and through counsel, John F. Mercer, Esq, and states the following:

### JURISDICTION AND VENUE

1. This action arises under 28 USC § 1331, et. seq., 28 USC § 1391, 28 USC 206 (d) and 28 USC § 1441; 29 USC § 1001; 42 U.S.C. § 1984; D.C. Code § 2-402 and D.C. Code §1-616.1.

2. This Court has jurisdiction over all claims for relief, including stet claims under the supplemental and ancillary jurisdiction of the federal court. Venue is proper in this Court as shall be set out herein below.

3. That the Plaintiff, Christine E. Wheeler, ("Plaintiff") is a citizen of the United States and a resident of the District of Columbia and at all times pertinent hereto was so situated;

4. That the Defendant District of Columbia ("Defendant District of Columbia") is a Municipality and is sued in its capacity as such. Defendant District of Columbia was duly notified of the claims herein on November 23, 2006, pursuant to D.C. Code § 12-309.

5. That the Defendant Sharlynn Bobo ("Defendant Bobo") is sued both in her individual capacity and in her official position as Acting Director and chief management officer, agent and employee of the District of Columbia Child and Family Services.

2

6. That the Defendants "Unknown" (collectively, "Defendants "Unknown") are Employees and Agents of the Defendant District of Columbia Child and Family Services ("CFSA").

7. That Defendant District of Columbia Child and Family Services ("CFSA") is an executive agency of the District of Columbia and employer of Defendant Bobo and Defendants Unknown.

## STATEMENT OF FACTS

8. That in May, 2006, Plaintiff was employed by the Agency in the position of "Manager MS-301-14/08" (the "Incumbent Position"). She was classified as an "At-Will" employee. On May 31, 2006, Plaintiff was informed by the Agency's Administrator for Human Resources that she would be "reassigned" (the "reassignment") from the incumbent position to the position of "Supervisory Resource Development Specialist," MS-301-13/09. Plaintiff was also informed that the reassignment would be effective June 6, 2006 pursuant to "the District Personnel Manual, Chapter 11 B, Compensation Section, 1126.18 (b) 1" (See Exhibit 1)

9. That on June 5, 2006, Plaintiff met with the Agency's Deputy Director for Human Resources Administration (the "Deputy Director") regarding the reassignment. The Deputy Director assured Plaintiff he would review the reassignment for its propriety. The Deputy Director also told Plaintiff he would inquire as to whether her current salary could be restored (the reassignment carried a gross salary reduction in Plaintiff's salary of approximately sixteen (16) percent).

10. That no action to mitigate the reassignment resulted from Plaintiff's meeting with the Agency's Deputy Director. Thereafter, the matter of the reassignment was brought to the attention of the Agency's Director. The Director also failed to reverse or mitigate the reassignment.

11. That on August 31, 2006, solely because of the failure or refusal of the Defendants to rescind the reassignment, Plaintiff was compelled to apply for retirement from the Defendant Agency. The drastic reduction in grade and salary precipitated by the reassignment would have substantially reduced Plaintiff's retirement benefits had she continued with the Defendant Agency. In, addition the reassignment would have been devastating to Plaintiff's career. As a result of the reassignment, she would have been placed in a position having no description of her specific duties and, consequentially, no purpose in the Agency's mission.

12. That subsequent her forced application for retirement, and some time around September 10, 2006, Plaintiff discovered that the action taken by the Defendant Agency had not actually been a reassignment but a disguised or constructively created "adverse action" of demotion." Further, Plaintiff found that Defendant Bobo and Defendants Unknown, as well as other senior staff, had surreptitiously combined, wrongfully, illegally and in violation District of Columbia laws and regulations, to remove her from the Incumbent position. They accomplished this removal by purposely misusing regulations and manipulating facts so as to limit Plaintiff's ability to challenge the reassignment or seek recourse.

13. That Plaintiff also discovered, around or about September 10, 2006, that from its inception, the reassignment had been designed to illegally vacate the incumbent

4

position so that the Incumbent Position would be available to be occupied by her then supervisor, the Agency's Deputy Director for Licensing and Monitoring, whom the Agency was intent on removing from his position.

14. That the Defendants, in correspondence to Plaintiff informing her of the nature and purpose of the reassignment, falsely or in error, cited regulations in order to disguise or misapply their actions to make the reassignment appear legitimate. The Defendants, known and unknown, combined to effectuate and complete the aforementioned actions with clear knowledge that the reassignment was actually a demotion and an adverse action. In taking the aforementioned actions, the Defendants intentionally abused their positions of authority and misused the laws, regulations, and processes of the District of Columbia to intentionally, or willfully and fraudulently deprive an employee of her position of employment and her rights to due process under law pursuant to D.C. Code Title 1§ 616.1.

15. That based on the manner in which Plaintiff was wrongfully demoted, she lost present and future compensation and retirement benefits. Unwillingly and solely due to the extortionist tactics of the Defendants, Plaintiff was forced into resignation (constructive termination).

16. That on September 28, 2006, Plaintiff filed a petition for appeal with the District of Columbia Office of Employee Appeals ("OEA"). Her OEA petition was dismissed by order of Senior Administrative Judge Rohulamin Quander, (OEA-1056-06, October 2, 2006) due to lack of jurisdiction to consider Plaintiff's complaint because of Wheeler's status as an "At-Will" employee of the District of Columbia. The OEA Judgment became final on November 4, 2007.

17. That in effecting upon Plaintiff the actions described hereinabove, the Defendants and their agents and employees, illegally, wrongfully or intentionally and with malice; they combined or conspired to misrepresented materials facts and acted fraudulently against her causing her to be illegally demoted or removed from her position of employment. Instead of effecting upon her a legitimate action of reassignment, the Agency and its agents and employees wrongfully, falsely, maliciously and permanently damaged the Plaintiff by causing her wrongful and illegal removal from her employment. They did so collectively and in concert, with the intention of abusing lawful regulations, procedures, rules and laws of the District of Columbia, intentionally and for an illegal purpose, causing Wheeler serious harm, intentionally damaging her reputation, and causing her humiliation, destruction of her career, and wrongful discharge from her employment.

## COUNT ONE: BREACH OF CONTRACT OF EMPLOYMENT MALICIOUS ABUSE OF PROCESS AND RELIEF PURSUANT TO 29 USC § 1001, ET.SEQ.

18. That Count One of this Complaint incorporates by reference paragraphs One through Seventeen herein.
19. That the Defendants and each of them, in wrongfully, falsely and intentionally using the personnel Rules of the District of Columbia, and falsely misusing the personnel rules and policies of the Defendant Agency, acted in violation of law of the District of Columbia Personnel Manual, Chapter 11 B, Compensation Section, 1126.18 (b) 1.

6

20. That in wrongfully and falsely using the personnel policies of the District of Columbia and the Defendant Agency for the specific or premeditated purpose of maliciously harming the Plaintiff and causing her to be removed from her rightful position of employment, caused the Plaintiff permanent harm the Defendants breached Plaintiff's contract of employment with the District of Columbia manifested in the District of Columbia Personnel Manual and Defendants' implied duty and implied warranty to faithfully and operate under and enforce the laws of the District of Columbia.

21. That by wrongfully falsely and knowingly misusing the personnel laws, policies, and regulations of the District of Columbia in such a way as to misguide, humiliate, disadvantage, defame, cause the Plaintiff to suffer from being in a hostile work environment, and ultimately force Plaintiff to prematurely retire from her position of employment, each of the Defendants caused the Plaintiff permanent damage, financial loss, and other damages.

22. That by misusing or illegally using the personnel laws, regulations, retirement policies, and processes of the District of Columbia to intentionally and maliciously damage the Plaintiff, rather than for the purpose the laws, regulations, and polices were promulgated, the Defendants and each of them have violated the laws of the District of Columbia and harmed and damaged the Plaintiff is due relief pursuant to 29 USC §1001 in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00).

## COUNT TWO: VIOLATION OF 42 USC § 1984

23. That Count Four incorporates by reference paragraphs One through Twenty – Two of the Complaint.

24. That Plaintiff was given no reason for or notice of her demotion and was never aware of her having been constructively discharged until after she had been forced to apply for retirement and leave the Defendant CFSA.

25. That lack of reason for or notice of this wrongful demotion and discharge was part of a scheme or combination on the part of the Defendants to deprive Plaintiff of her right, as a citizen and employee of the District of Columbia to due process of law under the 5th and 14th amendments to the United States Constitution and her protections pursuant to 29 USC §1001.

26. That in the scheme to deprive Plaintiff of due process rights, the Defendants acted "under color" of the authority of the government of the District of Columbia and on behalf of the District of Columbia.

27. That in depriving the Plaintiff of her right to due process, the Defendants purposefully and willfully misstated and misused D.C. or state laws and personnel regulations, and in so doing, the Defendants caused the Plaintiff losses, benefits and damages in the amount of Five Million Dollars ($5,000,000.00).

## COUNT THREE: WRONGFUL DISCHARGE

28. That Count Two of this Complaint incorporates by reference paragraphs One through Twenty-Seven herein.

29. That the Defendants and each of them, by perpetrating upon the Plaintiff a wrongful and reassignment for the purpose of forcing the Plaintiff to be discouraged, humiliated, and inveigled of her salary and benefits, the Defendants and each of them have permanently damaged the Plaintiff.

30. That the Defendants, by surreptitiously and individually combining and conspiring to remove her from her position of employment did so for the purpose of humiliating her wrongfully, willfully, and callously causing the Plaintiff to leave her position of employment prematurely and sacrificing her career and economic benefit. By doing so, the Defendants and each of them caused the Plaintiff permanent injury and harm.

31. That the Defendants and each of them willfully, maliciously, individually, and in a premeditated manner collectively and illegally caused the Plaintiff to be constructively terminated and wrongfully discharged from her employment. That in committing the forgoing, the Defendants and each of them have harmed, injured and damaged the Plaintiff in the amount of Five Million Dollars ($5,000,000.00).

## COUNT THREE: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, CREATION OF A HOSTILE WORK ENVIRONMENT

32. That Count Three incorporates by reference paragraphs One through Thirty –One of the complaint.

33. That Defendants intentionally, willfully, and negligently misused, abused, and breached their duty to uphold and abide by District of Columbia personnel laws, rules, and regulations causing and effecting Plaintiff's humiliation, demotion, and constructive termination. That in order to do so, they abused Plaintiff's rights, exploited and took advantage of her at a time when she was vulnerable and recuperating from surgery.

34. That the Defendants and each of them, callously created a false scheme to remove Plaintiff from her position of employment.

35. That Defendants reasonably knew, or should have known, that their conspiratorially, surreptitious, and wrongful acts being blatant, egregious, and outrageous, would cause Plaintiff severe and extreme emotional distress.

36. That, as a result of Defendants' actions, Plaintiff suffered serious tangible and actual damages through lost present and future compensation and retirement benefits.

37. That Defendants, namely the Defendant Agency and her superiors within the Defendant Agency, subjected Plaintiff to severe mistreatment and instances of humiliation, forcing her to cope with anger, resentment, depression, anxiety, loss of self-confidence, and demoralization.

38. That Plaintiff's functional demotion was sufficient to destroy her business reputation with her colleagues within and outside of the Agency.

39. That Plaintiff's functional demotion was sufficient to diminish future employment opportunities both within and outside of the Agency.

40. That Plaintiff was wrongfully and constructively terminated from her employment with the Agency.

41. That in committing the forgoing, the Defendants and each of them have harmed, injured and damaged the Plaintiff in the amount of Five Million Dollars ($5,000,000.00).

WHEREFORE, the premises considered, Plaintiff prays that she be awarded a judgment against the Defendants and each of them in the amount of Sixteen Million Five Hundred Thousand Dollars ($16,500,000.00) in damages as herein described, and award the Plaintiff court costs, legal fees, and such other further relief as may be appropriate.

Respectfully submitted,

John F. Mercer, Esq.
D.C. Bar #542 595
Tec Law Group, PLLC.
1629 K Street, N.W.,
Suite 300
Washington, D.C. 20036
Counsel for Plaintiff
Telephone: 202.466.3830
Mobile: 240.535.8758
Telecopier: 301.249.4603

### Jury Trial Demand

Plaintiff demands a jury trial, pursuant to Rules 38 (b) and 5(b) Fed. R.Civ.P.

*/s/ John F. Mercer*
John F. Mercer

**November 2, 2007**
  Dated

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Child and Family Services Agency





IN REPLY REFER TO:

MEMORANDUM

TO: Christine Wheeler
Social Work Program Manager
Licensing Division

FROM: Darlene Mansfield, PHR   DM
Administrator
Human Resources Administration

DATE: May 31, 2006

SUBJECT: Reassignment

---

This memorandum serves as official notice that you will be reassigned to the position of Supervisory Resource Development Specialist, MS-301-13 in the Licensing Division, effective June 5, 2006. Pursuant to the District Personnel Manual, Chapter 11B, Compensation Section, 1126.18(b)1, your new status is as follows:

| FROM: | TO: |
|---|---|
| Social Work Program Manager | Supervisory Resource Development Specialist |
| MS-301-14/8 | MS-301-13/9 |
| Salary: $ 96,932 | Salary: $ 84,225 |
| Location: Licensing Division | Location: Licensing Division |

The reassignment will be processed in PeopleSoft, with an effective date of June 5, 2006. You should expect to receive any salary changes within two (2) pay periods from the date the action is approved and all payments will be retroactive to that date.

Should you have questions, please feel free to Stan Spaght, Compensation Manager and/or or Al Day, Classification and Compensation Generalist at 202-724-7373.

EXHIBIT # 1

K 07-1988 JR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
Christine E. Wheeler

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **D.C. 11001**
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
District of Columbia, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John F. Mercer
Tec Law Group, PLLC.
1629 K St., N.W., Suite 300, DC. 20006

Case: 1:07-cv-01988
Assigned To : Robertson, James
Assign. Date : 11/2/2007
Description: Labor-ERISA

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one in a corresponding Nature of Suit**)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes:
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☒ 540 Mandamus & Other
- ☒ 550 Civil Rights N.A.
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☒ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

29 USC 1001

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ERISA Action based upon diminution of retirement benefits

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ $16,500,000.00  Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☐ NO  If yes, please complete related case form.

DATE 11.2.07  SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED NOV - 2 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

N:\forms\js-44.wpd