## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| CHRISTINE E. WHEELER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 07-01988 (JR) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DISTRICT OF COLUMBIA, *et. al.,* | : | |
| | : | |
| Defendants. | : | |

---

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

The defendants, the District of Columbia, Sharlynn Bobo, Unknown Employees of the Child and Family Services Agency and the Child and Family Services Agency, through undersigned counsel and pursuant to FRCP 12(b)(6), respectfully move this Court for an Order granting dismissal of plaintiff's claims in its favor as plaintiff's complaint fails to state a claim upon which relief can be granted. Additionally, as to defendant Dr. Sharlynn Bobo, an Order of dismissal is requested due to plaintiff's failure to accomplish personal service as required by FRCP 4(e).

A Memorandum of Points and Authorities and proposed Order are attached hereto and incorporated herein by reference.

WHEREFORE, the defendants, the District of Columbia, Sharlynn Bobo, Unknown Employees of the Child and Family Services Agency and the Child and Family Services Agency move this Honorable Court for dismissal of plaintiff's complaint with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


__/s/ Nicole Lynch_____
NICOLE LYNCH [471953]
Section Chief
General Litigation Section II


__/s/ Alex Karpinski_____
ALEX KARPINSKI [1]
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
alex.karpinski@dc.gov

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                    |   |                          |
|------------------------------------|---|--------------------------|
| CHRISTINE E. WHEELER,              | : |                          |
|                                    | : |                          |
|     Plaintiff, | : |                          |
|                                    | : | Case No. 07-01988 (JR)   |
|                                    | : |                          |
|     v.         | : |                          |
|                                    | : |                          |
|                                    | : |                          |
| DISTRICT OF COLUMBIA, _et. al.,_   | : |                          |
|                                    | : |                          |
|     Defendants.| : |                          |

_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

Plaintiff's complaint alleges that the defendants are civilly liable for the plaintiff's

resignation from employment with the District of Columbia's Child and Family Services Agency

("CFSA") in August, 2006, characterizing this resignation as a "constructive termination."  (See

Exhibit A – Plaintiff's Complaint, Paragraph 15)  According to plaintiff's allegations, she was

working as a "Manager MS-301-14/08" at CFSA during May, 2006, when she was reassigned to

the position of "Supervisory Resource Development Specialist MS-301-13/09," with an associated

sixteen percent (16%) reduction in salary. (See Exhibit A, Paragraphs 8-9)  Plaintiff's complaint

provides that plaintiff was an "At-Will" employee at the time (See Exhibit A, Paragraph 8) and that

she was forced to retire due to the defendant's failure to rescind this reassignment.  (See Exhibit A,

Paragraph 11).

Plaintiff alleges counts for breach of contract with relief to be granted under 29 USC section

1001 (the federal ERISA statute) (Count I), violation of 42 USC section 1984 (alleging deprivation

of plaintiff's constitutional rights) (Count II), wrongful discharge (Count III) and intentional and negligent infliction of emotional distress (Count IV).  Plaintiff's complaint fails to state a claim for any of the above listed grounds for relief.

Finally, dismissal as to defendant Dr. Sharlynn Bobo is also requested due to plaintiff's failure to accomplish personal service as required by FRCP 4(e).

## II. <u>ARGUMENT</u>

### A.    Standard of Review

In reviewing the sufficiency of a complaint pursuant to Fed R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)).  The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts.  Id.

The Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 2007 U.S. LEXIS 5901 (Decided May 21, 2007, that the proper test for the sufficiency of a pleading under Rule 12(b)(6) is whether the claim it purports to set forth is  "plausible" --- not whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").  Under the standard of "plausibility" enunciated by the Supreme Court in *Twombly*, plaintiff's complaint should be dismissed because under federal law and District law it is inherently implausible that defendants are liable to the plaintiff for any cause of action.

**B.    Plaintiff's Breach of Contract Claim (Count I) Must Be Dismissed Because She Was An At-Will Employee and Plaintiff Alleges No Facts That Fall Within The Purview of 29 USC section 1001 (The ERSIA Statute)**

### (1) Breach of Contract

Count I of the plaintiff's complaint is based on an alleged breach of contract. The plaintiff alleges that her reassignment and associated salary reduction constituted the defendants "misusing or illegally using the personnel laws, regulations, retirement policies and processes of the District of Columbia." (See Exhibit A – Plaintiff's Complaint, Paragraphs 20-22) She further claims that this reassignment constituted a breach of her contract of employment with the District of Columbia. (See Exhibit A – Plaintiff's Complaint, Paragraphs 20-22) However, the plaintiff's own allegations preclude the possibility that any such contract existed.

As a District of Columbia employee and part of the Management Supervisory Service, as plaintiff's own allegations explain, the plaintiff was an at-will employee with no right or justifiable expectation of continued employment. In June 2000, the District of Columbia enacted the Management Supervisory Service Exclusion Amendment Act of 2000, which created the Management Supervisory Service ("MSS"). D.C. Code § 1-609.51, *et seq*. Pursuant to this statute, any "management employee" position—defined as any position "whose functions include … supervision of staff," D.C. Code § 1-614.11(5)—was converted to MSS status. D.C. Code § 1-609.52.

As an MSS employee, the plaintiff's position was expressly "at-will." D.C. Code § 1-609.54. Because the plaintiff was a manager whose employment was controlled by the MSS statute, and because that statute expressly provided that she was an at-will employee, the plaintiff cannot, as a matter of law, suggest that she was entitled to any job protection beyond that

authorized by statute.  The plaintiff's breach of contract claim (Count I) therefore must be dismissed for failure to state a claim on which relief can be granted.  As an MSS employee, it is clear that the plaintiff's employment was "at-will" and that she did not have an employment contract with the District.

### (2) ERISA

Plaintiff claims relief under 29 USC section 1001 in Count I of her complaint.  29 USC section 1001 is The Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA protects the interests of employee participants, as well as their beneficiaries, in employee benefit plans. 29 U.S.C. section 1001(b); *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361-62 (1980); *Eaves v. Penn*, 587 F.2d 453, 457 (10 Cir. 1978).  Borrowing from the common law of trusts, Congress established minimum standards for vesting and funding of benefits, executing of fiduciary responsibilities, reporting to the government and disclosing information to participants. *Donovan v. Dillingham*, 688 F.2d 1367, 1370 (11th Cir. 1982); *Marshall v. Teamsters Local 282 Pension Fund*, 458 F. Supp. 986, 990 (E.D.N.Y. 1978).

More specifically, ERISA requires private pension plan assets to be held in trust for the exclusive benefit of plan participants and beneficiaries.  29 U.S.C. 1102(a)(1) and 1103(a). Moreover, the authority to administer the plan must be vested in one or more named fiduciaries.  29 U.S.C. section 1102(a)(1).  A trustee of an employee benefit plan is a fiduciary for purposes of ERISA if he or she exercises discretionary authority over the plan's management or administration, or renders investment advice to the plan for a fee.  29 U.S.C. sections 1002(3) and (21)(A).

In ERISA litigation, plaintiffs have the burden of proving, under an "abuse of discretion" standard, not only that the defendants breached their fiduciary duties, but also that such breaches

caused a loss to the plan. *Kuper v. Lovenko*, 66 F.3d 1447, 1459 (6th Cir. 1995); *Silverman v. Mut. Ben. Life Ins. Co.,* 138 F.3d 98 (2d Cir. 1998); *Willett v. Blue Cross*, 953 F.2d 1335, 1343 (11th Cir. 1992); *Call v. Sumitomo Bank*, 881 F.2d 626, 633 (9th Cir. 1989). ERISA's plain language also makes clear that a fiduciary is a person liable to a plan only for losses to the plan resulting from the breach.  29 U.S.C. section 1109(a). Upon finding a breach of fiduciary duty resulting in loss to the plan, the Court may award damages and award prevailing parties their reasonable and necessary fees and costs incurred in pursuing the breach of fiduciary duty claims. 29 U.S.C. section 1132(g).

Here, plaintiff's complaint makes no allegation that could give rise to an ERISA action. Although plaintiff alleges that her reassignment forced her to prematurely retire from her employment, there is no allegation concerning a breach of a fiduciary duty with respect to a loss to a retirement plan.  Moreover, there is no allegation that the defendants are fiduciaries with authority over a retirement plan's vesting and funding and that there was a breach of fiduciary duty causing a loss to a retirement plan.  In short, plaintiff's allegations do not state a claim under ERISA and plaintiff's citation to the ERISA statute as a basis for relief due to an alleged breach of contract is misplaced.[2]

### C.    Plaintiffs' Complaint Fails To State A Claim For Municipal Liability Under 42 U.S.C. § 1983 And The Doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978)

Count II of plaintiff's complaint alleges a violation of 42 U.S.C. section 1984.  That statute has been repealed and, hence, plaintiff has no cause of action under it.  However, given the

---

[2] Count I of plaintiff's complaint also contains the terms "malicious abuse of process" within the heading.  To charge an abuse of process, there must be a perversion of court process to accomplish some end which the process was not intended by law to achieve.  Williams v. City Stores Co., 192 A.2d 534, 537 (D.C. 1963) Plaintiff has not alleged that any criminal charge or lawsuit was filed against her.  As such, the inclusion of the terms "malicious abuse of process" in the heading to Count I of plaintiff's complaint is inexplicable and, in any event, plaintiff has not plead a claim for abuse of process.

allegations made in Count II, defendants will address Count II as though it alleges a violation of 42 U.S.C. section 1983, as it alleges a deprivation of constitutional rights.  Plaintiff does not allege an injury caused by policy or custom.

As explained in *Monell v. Dep't of Social Servs. of the City of New York*, a governmental body can be held liable for the plaintiffs' constitutional claims only if the plaintiffs allege facts that indicate their injury was caused by a policy or custom of the government.  436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).  According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."  *Oklahoma City*, 471 U.S. at 823.  The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*."  *Id.* at 818 (emphasis added).

Here, even with all reasonable inferences taken in favor of the plaintiff, the facts alleged cannot permit a finding of a policy or custom that deprived the plaintiff of any constitutional right. The plaintiff alleges that the defendants are liable because they gave no reason for her demotion and misstated and misused D.C. or state laws and personnel regulations.  (See Exhibit A – Plaintiff's Complaint, paragraphs 24 & 27).  Nowhere in the plaintiff's complaint does she allege that her constitutional rights were violated by a District of Columbia policy.  If anything, the plaintiff's allegations amount to the opposite.  That is, it is alleged that she was not afforded certain

alleged guarantees in personnel policy with respect to her employment only. She does not allege she was wronged by a policy itself or some custom.

**D. Sharlynn Bobo Must Be Dismissed As Plaintiff Has Not Accomplished Personal Service**

Pursuant to FRCP 4(e), service upon an individual defendant must be made by delivering a copy of the summons and complaint to the individual personally. Here, as of the close of business on January 24, 2008, plaintiff had filed no affidavit of service as to Dr. Bobo. Without proof of personal service upon Dr. Bobo, plaintiff cannot maintain this action against her and she must be dismissed for lack of personal service under FRCP 4(e).

**E.  Sharlynn Bobo Is Not A Proper Party and Must Be Dismissed**

CFSA agency director Dr. Sharlynn Bobo is not a proper party to this action because plaintiff sued her in her official capacity. Plaintiff's complaint, at paragraph 5, alleges that Dr. Bobo is being sued "both in her individual capacity and in her official position as Acting Director" of CFSA. (See Exhibit A – Paragraph 5)  However, plaintiff's complaint makes no allegation of any wrongdoing on Dr. Bobo's part, other than to allege she is liable to plaintiff for failing to reverse her reassignment, an act Dr. Bobo would perform in her capacity as CFSA director.  Hence, plaintiff is suing Dr. Bobo in her official capacity.

It is well settled that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. United States*, 491 U.S. 58, 71 (1989), citing *Brandon v. Holt*, 468 U.S. 464 (1985).  Therefore, "there is no longer a need to bring official capacity actions against local government officials, for…local government units can be sued directly…" *Kentucky v. Graham*, 473 U.S. 159, 165-168 (1985).  See *Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005) (Mayor Williams dismissed from suit when named only in his official capacity).

Given that plaintiff is alleging that Dr. Bobo is liable for failing to reverse her reassignment and, as such, is being sued in her official capacity, she should be dismissed from this suit.

### F.   An At- Will Employee May Not Sue For Wrongful Discharge

The District of Columbia does not recognize the tort of wrongful discharge for at-will employees, unless the employee was discharged for refusing to violate public policy. *Futrell v. Department of Labor*, 816 A.2d 793, 807 (D.C. 2003). It has long been the case in the District of Columbia that "an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." *Adams v. George W. Cochran & Co.,* 597 A.2d 28, 30 (D.C. 1991)

Here, plaintiff's complaint alleges that she was an at-will employee. (See Exhibit A – Paragraph 8) Plaintiff's complaint makes no allegation that she was reassigned or discharged due to a refusal to violate public policy. By virtue of plaintiff's own pleading, then, her allegations that her reassignment was "wrongful" or "illegal" have no basis. As an at-will employee, her reassignment, and/or ultimate discharge, could occur for any reason or no reason at all. As such, plaintiff has failed to state a claim for wrongful discharge upon which relief can be granted.

### G.   The Facts Plead By Plaintiff Do Not State Claims For Intentional And/Or Negligent Infliction of Emotional Distress

To recover damages for the tort of intentional infliction of emotional distress, the plaintiff must show "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Howard Univ. v. Best*, 484 A.2d 958, 985 (D.C. 1984)

Plaintiff has not alleged any facts that state a claim for intentional infliction of emotional distress. Plaintiff's claim is essentially that she was allegedly improperly reassigned at the defendant agency with an associated reduction in salary. Even if there was merit to the plaintiff's claim that this employment action was improper in some way, which defendant contests, the

reassignment of an employee cannot, under any factual development, amount to the "extreme and outrageous" conduct necessary for proof of a claim of intentional infliction of emotional distress. Furthermore, courts have been exacting as to the proof required to sustain such claims "in an employment context." *Paul v. Howard University*, 754 A.2d 297, 307 (D.C. 2000)

Similarly, plaintiff has not alleged any facts that could give rise to a valid claim for negligent infliction of emotional distress. In order to prove negligent infliction of emotional distress, the plaintiff must demonstrate that she was in a zone of physical danger caused by the defendants' conduct that led her to fear for her well-being. *Williams v. Baker*, 572 A.2d 1062, 1064 (D.C. 1990) The alleged distress must be "serious and verifiable." *Id.* at 1068. Here, plaintiff alleged no facts to support a claim for negligent infliction of emotional distress as she makes no allegation of ever having been in physical danger as a result of anything the defendants did negligently. As such, plaintiff's claims for intentional and negligent infliction of emotional distress must be dismissed.

### H. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

In the event the Court dismisses plaintiff's federal claims, Counts I and II, the Court should exercise its authority under U.S.C. § 1367(c) and dismiss the remaining common law claims, Counts III and IV.

28 U.S.C. § 1367(c) specifically provides as follows:

> [D]istrict courts may decline to exercise supplemental jurisdiction over a common law claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In the event the Court grants defendants' motion as to plaintiff's federal claims, the Court would have no basis to exercise pendant jurisdiction in this matter. *See Johnson v. Greater Southeast Community Hospital Corp.*, 903 F. Supp. 140 (D.D.C. 1995) (holding a decision to grant summary judgment as to the defendants' request for dismissal of federal claims stripped the court of pendant jurisdiction.). Defendants urge the Court to dismiss the common law wrongful discharge and emotional distress claims.

### III. CONCLUSION

For the foregoing reasons, the defendants, the District of Columbia, Sharlynn Bobo, Unknown Employees of the Child and Family Services Agency and the Child and Family Services Agency, move this Court for dismissal of plaintiff's claims with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/ Nicole Lynch_____
NICOLE LYNCH [471953]
Section Chief
General Litigation Section II

__/s/ Alex Karpinski_____
ALEX KARPINSKI [3]
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
alex.karpinski@dc.gov

---

[3] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|   |   |   |
|---|---|---|
| CHRISTINE E. WHEELER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 07-01988 (JR) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DISTRICT OF COLUMBIA, *et. al.,* | : | |
| | : | |
| Defendants. | : | |

---

## **ORDER**

Upon consideration of the defendants' Motion to Dismiss Plaintiff's Complaint, and the record herein, it is this _____ day of _____, 2008, **ORDERED:** that said Motion be and that same hereby GRANTED and that plaintiff's complaint is dismissed with prejudice.


_____
**JUDGE JAMES ROBERTSON**

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2008, I caused the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT and proposed ORDER to be filed electronically with the Clerk of Court, which will send notification of such filing to:

John F. Mercer
1629 K Street, N.W., Suite 300
Washington, D.C.  20036

___/s/ Alex Karpinski_____
ALEX KARPINSKI [4]
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
alex.karpinski@dc.gov

---

[4] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

$Exhibit$ $A$

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTINE E. WHEELER**<br>1366 Somerset Place, N.W.<br>Washington, D.C. 20011 | :<br>:<br>:<br>: |
| **Plaintiff,** | :<br>: |
| v. | :<br>: |
| **DISTRICT OF COLUMBIA**<br>(A Municipality)<br>1350 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>(serve: Adrian Fenty, Mayor<br>1350 Pennsylvania Ave., N.W.<br>Suite 221<br>Washington, D.C. 20024), | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| **SHARLYNN BOBO**<br>**INTERIM DIRECTOR,**<br>**DISTRICT OF COLUMBIA**<br>**CHILD AND FAMILY SERVICES**<br>**AGENCY,**<br>400 6th Street, S.W.<br>Washington, D.C. 20024, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| **UNKNOWN EMPLOYEES OF**<br>**DISTRICT OF COLUMBIA**<br>**CHILD AND FAMILY SERVICES**<br>**AGENCY,**<br>400 6th Street, S.W.<br>Washington, D.C. 20024, | :<br>:<br>:<br>:<br>:<br>: |
| **DISTRICT OF COLUMBIA**<br>**CHILD AND FAMILY SERVICES**<br>**AGENCY**<br>400 6th Street, S.W.<br>Washington, D.C. 20024<br>(an Executive Agency of the<br>District of Columbia), | :<br>:<br>:<br>:<br>:<br>:<br>: |
| **Defendants.** | |

Case: 1:07-cv-01988
Assigned To : Robertson, James
Assign. Date : 11/2/2007
Description: Labor-ERISA

1

**COMPLAINT PURSUANT TO 29 USC § 1001 FOR VIOLATION OF EMPLOYMENT RIGHTS, REGULATIONS AND PROCEDURES, VIOLATION OF 42 USC § 1984, MALICIOUS ABUSE OF PROCESS, WRONGFUL DISCHARGE, BUSINESS DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,**

Comes now the Plaintiff Christine E. Wheeler, by and through counsel, John F.

Mercer, Esq, and states the following:

**JURISDICTION AND VENUE**

1. This action arises under 28 USC § 1331, et. seq., 28 USC § 1391, 28 USC 206 (d) and 28 USC § 1441; 29 USC § 1001; 42 U.S.C. § 1984; D.C. Code § 2-402 and D.C. Code §1-616.1.

2. This Court has jurisdiction over all claims for relief, including stet claims under the supplemental and ancillary jurisdiction of the federal court. Venue is proper in this Court as shall be set out herein below.

3. That the Plaintiff, Christine E. Wheeler, ("Plaintiff") is a citizen of the United States and a resident of the District of Columbia and at all times pertinent hereto was so situated;

4. That the Defendant District of Columbia ("Defendant District of Columbia") is a Municipality and is sued in its capacity as such. Defendant District of Columbia was duly notified of the claims herein on November 23, 2006, pursuant to D.C. Code § 12-309.

5. That the Defendant Sharlynn Bobo ("Defendant Bobo") is sued both in her individual capacity and in her official position as Acting Director and chief management officer, agent and employee of the District of Columbia Child and Family Services.

2

6. That the Defendants "Unknown" (collectively, "Defendants "Unknown") are Employees and Agents of the Defendant District of Columbia Child and Family Services ("CFSA").

7. That Defendant District of Columbia Child and Family Services ("CFSA") is an executive agency of the District of Columbia and employer of Defendant Bobo and Defendants Unknown.

## STATEMENT OF FACTS

8. That in May, 2006, Plaintiff was employed by the Agency in the position of "Manager MS-301-14/08" (the "Incumbent Position"). She was classified as an "At-Will" employee. On May 31, 2006, Plaintiff was informed by the Agency's Administrator for Human Resources that she would be "reassigned" (the "reassignment") from the incumbent position to the position of "Supervisory Resource Development Specialist," MS-301-13/09. Plaintiff was also informed that the reassignment would be effective June 6, 2006 pursuant to "the District Personnel Manual, Chapter 11 B, Compensation Section, 1126.18 (b) 1" (See Exhibit 1)

9. That on June 5, 2006, Plaintiff met with the Agency's Deputy Director for Human Resources Administration (the "Deputy Director") regarding the reassignment. The Deputy Director assured Plaintiff he would review the reassignment for its propriety. The Deputy Director also told Plaintiff he would inquire as to whether her current salary could be restored (the reassignment carried a gross salary reduction in Plaintiff's salary of approximately sixteen (16) percent).

3

10. That no action to mitigate the reassignment resulted from Plaintiff's meeting with the Agency's Deputy Director. Thereafter, the matter of the reassignment was brought to the attention of the Agency's Director. The Director also failed to reverse or mitigate the reassignment.

11. That on August 31, 2006, solely because of the failure or refusal of the Defendants to rescind the reassignment, Plaintiff was compelled to apply for retirement from the Defendant Agency. The drastic reduction in grade and salary precipitated by the reassignment would have substantially reduced Plaintiff's retirement benefits had she continued with the Defendant Agency. In, addition the reassignment would have been devastating to Plaintiff's career. As a result of the reassignment, she would have been placed in a position having no description of her specific duties and, consequentially, no purpose in the Agency's mission.

12. That subsequent her forced application for retirement, and some time around September 10, 2006, Plaintiff discovered that the action taken by the Defendant Agency had not actually been a reassignment but a disguised or constructively created "adverse action" of demotion." Further, Plaintiff found that Defendant Bobo and Defendants Unknown, as well as other senior staff, had surreptitiously combined, wrongfully, illegally and in violation District of Columbia laws and regulations, to remove her from the Incumbent position. They accomplished this removal by purposely misusing regulations and manipulating facts so as to limit Plaintiff's ability to challenge the reassignment or seek recourse.

13. That Plaintiff also discovered, around or about September 10, 2006, that from its inception, the reassignment had been designed to illegally vacate the incumbent

4

position so that the Incumbent Position would be available to be occupied by her

then supervisor, the Agency's Deputy Director for Licensing and Monitoring,

whom the Agency was intent on removing from his position.

14. That the Defendants, in correspondence to Plaintiff informing her of the nature

and purpose of the reassignment, falsely or in error, cited regulations in order to

disguise or misapply their actions to make the reassignment appear legitimate.

The Defendants, known and unknown, combined to effectuate and complete the

aforementioned actions with clear knowledge that the reassignment was actually a

demotion and an adverse action. In taking the aforementioned actions, the

Defendants intentionally abused their positions of authority and misused the laws,

regulations, and processes of the District of Columbia to intentionally, or willfully

and fraudulently deprive an employee of her position of employment and her

rights to due process under law pursuant to D.C. Code Title 1§ 616.1.

15. That based on the manner in which Plaintiff was wrongfully demoted, she lost

present and future compensation and retirement benefits. Unwillingly and solely

due to the extortionist tactics of the Defendants, Plaintiff was forced into

resignation (constructive termination).

16. That on September 28, 2006, Plaintiff filed a petition for appeal with the District

of Columbia Office of Employee Appeals ("OEA"). Her OEA petition was

dismissed by order of Senior Administrative Judge Rohulamin Quander, (OEA-

1056-06, October 2, 2006) due to lack of jurisdiction to consider Plaintiff's

complaint because of Wheeler's status as an "At-Will" employee of the District of

Columbia. The OEA Judgment became final on November 4, 2007.

5

17. That in effecting upon Plaintiff the actions described hereinabove, the Defendants and their agents and employees, illegally, wrongfully or intentionally and with malice; they combined or conspired to misrepresented materials facts and acted fraudulently against her causing her to be illegally demoted or removed from her position of employment. Instead of effecting upon her a legitimate action of reassignment, the Agency and its agents and employees wrongfully, falsely, maliciously and permanently damaged the Plaintiff by causing her wrongful and illegal removal from her employment. They did so collectively and in concert, with the intention of abusing lawful regulations, procedures, rules and laws of the District of Columbia, intentionally and for an illegal purpose, causing Wheeler serious harm, intentionally damaging her reputation, and causing her humiliation, destruction of her career, and wrongful discharge from her employment.

## COUNT ONE: BREACH OF CONTRACT OF EMPLOYMENT MALICIOUS ABUSE OF PROCESS AND RELIEF PURSUANT TO 29 USC § 1001, ET.SEQ.

18. That Count One of this Complaint incorporates by reference paragraphs One through Seventeen herein.

19. That the Defendants and each of them, in wrongfully, falsely and intentionally using the personnel Rules of the District of Columbia, and falsely misusing the personnel rules and policies of the Defendant Agency, acted in violation of law of the District of Columbia Personnel Manual, Chapter 11 B, Compensation Section, 1126.18 (b) 1.

6

20. That in wrongfully and falsely using the personnel policies of the District of Columbia and the Defendant Agency for the specific or premeditated purpose of maliciously harming the Plaintiff and causing her to be removed from her rightful position of employment, caused the Plaintiff permanent harm the Defendants breached Plaintiff's contract of employment with the District of Columbia manifested in the District of Columbia Personnel Manual and Defendants' implied duty and implied warranty to faithfully and operate under and enforce the laws of the District of Columbia.

21. That by wrongfully falsely and knowingly misusing the personnel laws, policies, and regulations of the District of Columbia in such a way as to misguide, humiliate, disadvantage, defame, cause the Plaintiff to suffer from being in a hostile work environment, and ultimately force Plaintiff to prematurely retire from her position of employment, each of the Defendants caused the Plaintiff permanent damage, financial loss, and other damages.

22. That by misusing or illegally using the personnel laws, regulations, retirement policies, and processes of the District of Columbia to intentionally and maliciously damage the Plaintiff, rather than for the purpose the laws, regulations, and polices were promulgated, the Defendants and each of them have violated the laws of the District of Columbia and harmed and damaged the Plaintiff is due relief pursuant to 29 USC §1001 in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00).

7

## COUNT TWO:  VIOLATION OF 42 USC § 1984

23.  That Count Four incorporates by reference paragraphs One through Twenty –
    Two of the Complaint.

24. That Plaintiff was given no reason for or notice of her demotion and was never
    aware of her having been constructively discharged until after she had been forced
    to apply for retirement and leave the Defendant CFSA .

25. That lack of reason for or notice of this wrongful demotion and discharge was
    part of a scheme or combination on the part of the Defendants to deprive Plaintiff
    of her right, as a citizen and employee of the District of Columbia to due process
    of law under the 5th and 14th amendments to the United States Constitution and
    her protections pursuant to 29 USC §1001.

26. That in the scheme to deprive Plaintiff of due process rights, the Defendants acted
    "under color" of the authority of the government of the District of Columbia and
    on behalf of the District of Columbia.

27. That in depriving the Plaintiff of her right to due process, the Defendants
    purposefully and willfully misstated and misused D.C. or state laws and personnel
    regulations, and in so doing, the Defendants caused the Plaintiff losses, benefits
    and damages in the amount of Five Million Dollars ($5,000,000.00).

## COUNT THREE: WRONGFUL DISCHARGE

28. That Count Two of this Complaint incorporates by reference paragraphs One through Twenty-Seven herein.

29. That the Defendants and each of them, by perpetrating upon the Plaintiff a wrongful and reassignment for the purpose of forcing the Plaintiff to be discouraged, humiliated, and inveigled of her salary and benefits, the Defendants and each of them have permanently damaged the Plaintiff.

30. That the Defendants, by surreptitiously and individually combining and conspiring to remove her from her position of employment did so for the purpose of humiliating her wrongfully, willfully, and callously causing the Plaintiff to leave her position of employment prematurely and sacrificing her career and economic benefit. By doing so, the Defendants and each of them caused the Plaintiff permanent injury and harm.

31. That the Defendants and each of them willfully, maliciously, individually, and in a premeditated manner collectively and illegally caused the Plaintiff to be constructively terminated and wrongfully discharged from her employment. That in committing the forgoing, the Defendants and each of them have harmed, injured and damaged the Plaintiff in the amount of Five Million Dollars ($5,000,000.00).

9

## COUNT THREE: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, CREATION OF A HOSTILE WORK ENVIRONMENT

32. That Count Three incorporates by reference paragraphs One through Thirty –One of the complaint.

33. That Defendants intentionally, willfully, and negligently misused, abused, and breached their duty to uphold and abide by District of Columbia personnel laws, rules, and regulations causing and effecting Plaintiff's humiliation, demotion, and constructive termination. That in order to do so, they abused Plaintiff's rights, exploited and took advantage of her at a time when she was vulnerable and recuperating from surgery.

34. That the Defendants and each of them, callously created a false scheme to remove Plaintiff from her position of employment.

35. That Defendants reasonably knew, or should have known, that their conspiratorially, surreptitious, and wrongful acts being blatant, egregious, and outrageous, would cause Plaintiff severe and extreme emotional distress.

36. That, as a result of Defendants' actions, Plaintiff suffered serious tangible and actual damages through lost present and future compensation and retirement benefits.

37. That Defendants, namely the Defendant Agency and her superiors within the Defendant Agency, subjected Plaintiff to severe mistreatment and instances of humiliation, forcing her to cope with anger, resentment, depression, anxiety, loss of self-confidence, and demoralization.

10

38. That Plaintiff's functional demotion was sufficient to destroy her business reputation with her colleagues within and outside of the Agency.

39. That Plaintiff's functional demotion was sufficient to diminish future employment opportunities both within and outside of the Agency.

40. That Plaintiff was wrongfully and constructively terminated from her employment with the Agency.

41. That in committing the forgoing, the Defendants and each of them have harmed, injured and damaged the Plaintiff in the amount of Five Million Dollars ($5,000,000.00).

WHEREFORE, the premises considered, Plaintiff prays that she be awarded a judgment against the Defendants and each of them in the amount of Sixteen Million Five Hundred Thousand Dollars ($16,500,000.00) in damages as herein described, and award the Plaintiff court costs, legal fees, and such other relief as may be appropriate.

Respectfully submitted,

John F. Mercer, Esq.
D.C. Bar #542 595
Tec Law Group, PLLC.
1629 K Street, N.W.,
Suite 300
Washington, D.C. 20036
Counsel for Plaintiff
Telephone: 202.466.3830
Mobile: 240.535.8758
Telecopier: 301.249.4603

11

**Jury Trial Demand**

Plaintiff demands a jury trial, pursuant to Rules 38 (b) and 5(b) Fed. R.Civ.P.

John F. Mercer

**November 2, 2007**
Dated

12

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Child and Family Services Agency**





PLEASE REPLY TO

## MEMORANDUM

**TO:**       Christine Wheeler
             Social Work Program Manager
             Licensing Division

**FROM:**    Darlene Mansfield, PHR
             Administrator
             Human Resources Administration

**DATE:**    May 31, 2006

**SUBJECT:**  Reassignment

---

This memorandum serves as official notice that you will be reassigned to the position of Supervisory Resource Development Specialist, MS-301-13 in the Licensing Division, effective June 5, 2006. Pursuant to the District Personnel Manual, Chapter 11B, Compensation Section, 1126.18(b)1, your new status is as follows:

| | |
|---|---|
| **FROM:** | **TO:** |
| **Social Work Program** | **Supervisory Resource Development** |
| **Manager** | **Specialist** |
| **MS-301-14/8** | **MS-301-13/9** |
| **Salary: $ 96,932** | **Salary: $ 84,225** |
| **Location: Licensing Division** | **Location: Licensing Division** |

The reassignment will be processed in PeopleSoft, with an effective date of June 5, 2006. You should expect to receive any salary changes within two (2) pay periods from the date the action is approved and all payments will be retroactive to that date.

Should you have questions, please feel free to Stan Spaght, Compensation Manager and/or or Al Day, Classification and Compensation Generalist at 202-724-7373.

EXHIBIT # 1